## PENNSYLVANIA RULES OF PROFESSIONAL CONDUCT

### Rule 8.4  Misconduct

It is professional misconduct for a lawyer to:

\*\*\*

(c)      engage in conduct involving dishonesty, fraud, deceit or misrepresentation**, except that a lawyer may advise, direct, or supervise others, including clients, law enforcement officers, and investigators, who participate in lawful investigative activities**;

\*\*\*

**Comment:**

\*\*\*

[2]      **Notwithstanding the general restriction against engaging in deceit, this Rule does not prohibit a lawyer from advising or supervising another who engages in an otherwise lawful and ethical undercover investigation, in which the investigator does not disclose his or her true identity and motivation, regardless of the nature of the matter or substantive area of law involved. This Rule does not change the scope of a lawyer's obligations under Rule 4.2 and thus a lawyer must take reasonable measures so that the investigator does not communicate with a represented party in violation of Rule 4.2, does not seek to elicit privileged information, and otherwise acts in compliance with these Rules, court orders, and civil and criminal law.**

**[[2]] [3]**      Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offenses carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

**[[3]] [4]**      For the purposes of paragraph (g), conduct in the practice of law includes (i) interacting with witnesses, coworkers, court personnel, lawyers, or others, while appearing in proceedings before a tribunal or in connection with the representation of a client; (ii) operating or managing a law firm or law practice; or (iii)  participation in judicial

boards, conferences, or committees; continuing legal education seminars; bench bar conferences; and bar association activities where legal education credits are offered. The term "the practice of law" does not include speeches, communications, debates, presentations, or publications given or published outside the contexts described in (i)-(iii).

**[[4]] [5]**    "Harassment" means conduct that is intended to intimidate, denigrate or show hostility or aversion toward a person on any of the bases listed in paragraph (g). "Harassment" includes sexual harassment, which includes but is not limited to sexual advances, requests for sexual favors, and other conduct of a sexual nature that is unwelcome.

**[[5]] [6]**    "Discrimination" means conduct that a lawyer knows manifests an intention: to treat a person as inferior based on one or more of the characteristics listed in paragraph (g); to disregard relevant considerations of individual characteristics or merit because of one or more of the listed characteristics; or to cause or attempt to cause interference with the fair administration of justice based on one or more of the listed characteristics.

**[[6]] [7]**    A lawyer may refuse to comply with an obligation imposed by law upon a good faith belief that no valid obligation exists. The provisions of Rule 1.2(d) concerning a good faith challenge to the validity, scope, meaning or application of the law apply to challenges of legal regulation of the practice of law.

**[[7]] [8]**    Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers. The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, agent and officer, director or manager of a corporation or other organization.